T.C. Memo. 2010-116

UNITED STATES TAX COURT

DIANE LYNN HELLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17091-08.                    Filed May 27, 2010.

Diane Lynn Heller, pro se.

<u>Anna A. Long</u>, for respondent.


MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies and additions to tax as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) |
|------|------------|---------------------------------|
| 2003 | $956 | $238.05 |
| 2004 | 1,195 | 345.16 |
| 2005 | 873 | 218.25 |

The issues for decision are whether petitioner is entitled to business expense deductions that respondent disallowed and whether she is liable for an addition to tax under section 6651(a)(1) for each of the years in issue. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The only evidence in the record has been stipulated, and the stipulated facts are incorporated as our findings by this reference. Petitioner resided in La Quinta, California, at the time her petition was filed.

Petitioner's Federal income tax returns for 2003, 2004, and 2005 were all filed late, being mailed on March 22, 2006, April 22, 2006, and April 18, 2007, respectively. Petitioner claimed that the late filings resulted because she was in several accidents that caused injuries and a "prolonged rehabilitation and recovery." A Schedule C, Profit or Loss From Business, for petitioner's self-employment as an occupational therapist was attached to each of those returns. She reported gross receipts of $50,923, $49,480, and $40,064 for 2003, 2004, and 2005, respectively. On each of the Schedules C, petitioner claimed deductions for car and truck expenses that were based solely on alleged business mileage for three cars. The amounts claimed for

car and truck expenses were $16,074, $17,122, and $23,109 for 2003, 2004, and 2005, respectively. In addition, for 2003, petitioner deducted $4,275 in travel expenses and $10,465 in "other expenses" on Schedule C. She deducted $5,041 and $5,651 for travel expenses in 2004 and 2005, respectively.

The Internal Revenue Service examined petitioner's returns. During the examination, some of the deductions were disallowed and other deductions were increased. All of the travel expenses were disallowed for lack of substantiation. Of the "other expenses" claimed for 2003, $319 was disallowed. Of the car and truck expenses claimed, $1,800 was disallowed for 2003, $1,825 was disallowed for 2004, and $6,909 was disallowed for 2005.

The petition was filed on July 11, 2008. Petitioner requested Los Angeles, California, as the place of trial. By notice served February 19, 2009, the case was set for trial in Los Angeles on July 20, 2009. Petitioner moved for a continuance on various grounds, including that her records were in storage in La Quinta, California, and the desert heat, among other things, made retrieval at that time impracticable. Respondent objected on the ground that petitioner had failed to retrieve or produce records during the months after the notice of trial was sent, but the Court agreed to continue the case to the October 26, 2009, Los Angeles session, advising petitioner that she was obligated to get the records, to produce them to respondent, and to

stipulate facts that could be agreed. Petitioner complained to the Court about the examination process in which she and her tax return preparer had participated, but she was advised that the conduct of the audit was not relevant.

On October 12, 2009, petitioner sent to the Court a motion requesting another 6-month continuance, stating that she had provided some records but respondent requested more. Petitioner set forth other personal reasons for a continuance. Again respondent objected to the continuance. The Court indicated that the motion would be considered only if a stipulation was filed on or before the trial date and that petitioner would be allowed limited additional time to produce records substantiating her travel expenses. The stipulation of facts was filed October 21, 2009. On October 26, the Court took under advisement petitioner's motion to continue and ordered the parties to report to the Court on or before November 30, 2009.

Respondent's status report was filed November 30, 2009, and indicated that petitioner had failed to provide any additional documentation beyond that attached to the stipulation of facts. Petitioner failed to file a status report and had not, as required in relation to each of the two prior trial settings, submitted a pretrial memorandum identifying any witnesses or testimony that would be offered at trial. Thus, by order dated December 23, 2009, the Court denied the motion to continue and

ordered the case submitted on the then-existing record. See Rule 123(a). The Court further ordered respondent to file a memorandum brief explaining why the documentation attached to the stipulation is inadequate to substantiate any deductions not conceded and addressing any other issues remaining in the case. Petitioner was directed to file an answering brief, which she did on March 15, 2010. At no time did petitioner tender any evidence beyond the stipulation filed October 21, 2009.

## Discussion

Petitioner bears the burden of proving that the deductions in dispute are ordinary and necessary business expenses under section 162(a). See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), affg. T.C. Memo. 1972-133. Petitioner has not even identified the $319 in "other expenses" disallowed for 2003. With respect to the car and truck expenses and travel expenses, she must substantiate by adequate records or other evidence the time, place, and business purpose of each item of expense in accordance with sections 274(d)(1) and (4) and 280F(d)(4).

As respondent points out, petitioner did not produce any mileage log for 2005. The logs that she produced for 2003 and 2004 do not appear to be contemporaneously created, do not contain the required information, contain obvious errors, do not coincide with the amounts claimed, and do not allow for

allocation between business and personal use of the vehicles; the logs are not reliable. Maintenance records produced with respect to two vehicles do nothing more than reflect mileage on particular dates; they are not helpful. Nonetheless, most of the mileage petitioner claimed on her returns was allowed during the examination. She has not shown that she is entitled to deduct any further amounts.

In relation to travel expenses claimed for 2003, petitioner presented a bill from the Imperial Palace Hotel & Casino in Las Vegas, Nevada, that does not show the year incurred and a statement from the Four Seasons Resort in Santa Barbara, California, for a one-night room charge of $2,305, plus tax and a lounge charge. There is no corroborating detail or evidence of the business purpose of these expenses. Petitioner presented no evidence with respect to the travel expenses claimed for 2004 or 2005. Thus, she cannot be allowed any additional deductions.

Petitioner's answer to respondent's brief does not address either the law or the specific inadequacies of her proof. She asserts, without evidentiary basis, that late filing of her returns was due to injuries she suffered from 2002 to 2005. She makes other arguments about the examination process, but she was told when the case was first called for trial that what allegedly occurred during the audit was not relevant to what we determine

here.  See Greenberg's Express, Inc. v. Commissioner, 62 T.C.
324, 327 (1974).

Although respondent has the burden of production under
section 7491(c) with respect to the additions to tax, that burden
has been satisfied by the stipulation that the returns were not
timely.  Petitioner has the burden of showing that the late
filing was due to reasonable cause and not due to willful
neglect.  See, e.g., Higbee v. Commissioner, 116 T.C. 438, 446
(2001).  Illness or incapacity may constitute reasonable cause if
a taxpayer establishes that she was so ill that she was unable to
file the returns on time.  See Williams v. Commissioner, 16 T.C.
893, 906 (1951).

In her answering brief related to the claims of automobile
expense, petitioner asserts:  "The nature of the therapy
rehabilitation service business petitioner has been in for 45
years requires the therapist to use a car all day long going from
home to home and to hospitals, nursing homes and assisted living
facilities as well as the ordering agencies."  Even if
petitioner's claims of disability were in evidence, they are
contradicted by her claims of business mileage in relation to her
Schedule C business and by her substantial earnings during the
years in issue.  We are not persuaded that she was unable to file
timely returns in 3 consecutive years when she was successfully
pursuing her occupation.  See, e.g., Judge v. Commissioner, 88

T.C. 1175, 1190 (1987); <u>Jordan v. Commissioner</u>, T.C. Memo. 2005-266 (and cases cited therein); <u>Bear v. Commissioner</u>, T.C. Memo. 1992-690, affd. without published opinion 19 F.3d 26 (9th Cir. 1994).  The section 6651(a)(1) additions to tax will be sustained.

For the reasons explained above,

<u>Decision will be entered</u>

<u>for respondent</u>.